IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

c/a no.: 3:23-cv-03483-SAL

Jesse Near, as Personal Representative of
the Estate of Douglas Larry Belger,

Plaintiff,

**COMPLAINT**
(Jury Trial Demanded).

vs.

Enerco Group, Inc. d/b/a Mr. Heater,

Defendant.

Plaintiff Jesse Near, as Personal Representative of the Estate of Douglas Larry Belger, alleges as follows:

## INTRODUCTION

1. On or about, December 27, 2022, a portable propane heater manufactured and sold by Defendant caused Douglas Belger's clothes to ignite and resulted in severe burns to Mr. Belger, ultimately causing his death. This action is brought against the Defendant under the laws of the State of South Carolina to recoup all compensatory and punitive damages to which the Estate and heirs of Mr. Belger are entitled as a result of the personal injuries and death of Mr. Belger.

## PARTIES

2. Plaintiff Jesse Near is the Personal Representative of the Estate of Douglas Belger, an Estate which is open in Lexington County, South Carolina.

1

3.    Defendant Enerco Group, Inc. d/b/a Mr. Heater ("Enerco") is an Ohio Corporation, engaged in business in the State of South Carolina, with its principal place of business in the State of Ohio. Defendant Enerco may be served with process through its registered agent, Jessica Siejka, 4560 West 160th Street, Cleveland, Ohio, 44135.

## JURISDICTION AND VENUE

4.    Venue is proper in this division because a substantial part of the events giving rise to this action occurred in Lexington, County, which is in the Columbia division.

5.    Upon information and belief, and at all times relevant herein, Defendant Enerco was engaged in the business of designing, manufacturing, fabricating, producing, assembling, importing, marketing, distributing, selling, and/or otherwise placing into the stream of commerce various heating products and accessories, including the Mr. Heater propane tank top heater that is the subject of this action (hereinafter the "Subject Heater"). A photograph of the subject heater is included below:



2

6.      Defendant has purposefully availed itself of the privilege of conducting business activities within the State of South Carolina by placing products, including the portable propane heater at issue in this matter, into the stream of commerce and by advertising their products within the State.

7.      Upon information and belief, Defendant derives substantial revenue from goods sold and used in the State of South Carolina.

8.      Thus, Defendant reasonably expects, or should reasonably expect, that their business activities could or would have consequences within the State of South Carolina.

9.      Defendant has established continuous and systematic contacts with the State of South Carolina sufficient to confer general jurisdiction, which will not offend traditional notions of fair play and substantial justice, and is consistent with the constitutional requirements of due process.

10.     This Court has jurisdiction over this matter pursuant to 28 USC §1332 because the amount in controversy exceeds $75,000.00 and the action is one between citizens of different States.

**FACTUAL BACKGROUND**

11.     At a time prior to December 2022, Defendant designed, fabricated, manufactured, produced, assembled, imported, marketed, distributed, sold and/or otherwise placed the Subject Heater into the stream of commerce.

12.     On or about December 24, 2022, the Plaintiff was near the Subject Heater while at his nephew's residence in Lexington, South Carolina.

13.     During this time, Douglas Belger was in close proximity to the Subject Heater, when suddenly, and without warning, the Subject Heater, which was equipped with a defective safety guard, caused Douglas Belger's clothing to ignite and quickly Douglas Belger became engulfed in flames.

14. As a direct and proximate result of the aforementioned incident, Douglas Belger sustained significant and severe burn injuries, which caused Douglas Belger to endure great physical pain, suffering, loss of enjoyment of life, physical impairment, permanent disfigurement, mental anguish, emotional distress, medical expenses, and ultimately caused the death of Mr. Belger.

## SURVIVAL ACTION

15. Douglas Belger, during the course of this incident, suffered injury and damages caused by the actionable conduct of the Defendant, which include, but is not limited to:

   a. pain and suffering;

   b. shock and terror;

   c. mental and emotional distress; and

   d. fear of impending death.

16. Douglas Belger's, causes of actions for his injuries and damages survive his death and pass to his Estate.

## WRONGFUL DEATH ACTION

17. As a direct result of the actionable conduct of the Defendant, Douglas Belger met his untimely death.

18. The statutory beneficiaries of Douglas Belger's Estate have experienced great mental anguish, suffering, grief, sorrow, bereavement, loss of society, advice, companionship, comfort, protection, funeral expenses, and pecuniary benefit.

19. The Plaintiff is informed and believes under the South Carolina Wrongful Death Act, he is entitled to a judgment against the Defendant for an award of actual damages in an amount to be determined by the trier of fact and for any additional relief the court deems just and proper.

## CAUSES OF ACTION

## COUNT 1 DESIGN DEFECT

20. Plaintiff re-alleges and incorporates in this count each and every preceding allegation as if fully pled herein.

21. The Subject Heater designed, manufactured, assembled, marketed, distributed, and sold by Defendant Enerco was defective and/or unreasonably dangerous when sold.

22. The Subject Heater designed, manufactured, assembled, marketed, distributed, and sold by Enerco was the producing cause of Douglas Belger's injuries and death as well as all damages sought to be recovered in this case.

23. Defendant Enerco is engaged in the business of designing, manufacturing, assembling, marketing, distributing, and selling portable heaters, including the Subject Heater, to consumers within the stream of commerce.

24. Defendant expected the Subject Heater, so introduced and passed on in the course of trade, to ultimately reach the consumer and/or users without substantial change in the condition in which it was originally sold.

25. The Subject Heater was without substantial change in the condition from which it was originally sold by Defendant and unexpectedly caused severe burn injuries and the death of Douglas Belger under ordinary, reasonable and foreseeable use.

26. At the time the Subject Heater left Defendant's control, and at all times complained of, safer alternative designs were available that would have eliminated the risk of the Subject Heater

causing the burns at issue without substantially impairing the usefulness and intended purpose of the product.

27.    The Subject Heater was unreasonably dangerous and defective in that its design and construction did not incorporate a safety guard and/or safety cover sufficiently large enough to ensure that individuals coming in close proximity of the heater would not be subjected to temperatures capable of instantaneously igniting clothing, a technologically and economically feasible safety device that would have prevented the burns at issue in the present case.

28.    The Subject Heater was also unreasonably dangerous and defective in that it lacked adequate or conspicuous warnings sufficient to alert the user to the dangerousness of the product or instruct the user how to use the product safely.  The product's lack of an adequate or conspicuous warning rendered the product unreasonable dangerous for its intended or foreseeable uses.

28.    The defective and unreasonably dangerous condition of the Subject Heater was the direct and sole proximate cause of Douglas Belger's injuries and death and all damages at issue in this Complaint.

29.    Based on the foregoing, pursuant to S.C. Code Ann. § 15-73-10, the Defendant is strictly liable for the injuries and damages, both actual and punitive.

## COUNT 2 NEGLIGENCE

30.    Plaintiff re-alleges and incorporates in this count each and every preceding allegation as if fully pled herein.

31.    Defendant owed consumers and/or foreseeable users, including the Plaintiff, the duty of reasonable care in their design, manufacture, assembly, marketing, distribution, and sale of the Subject Heater.

32. Defendant was negligent, grossly negligent, reckless, and acted in willful and wanton disregard of and in breach of their duties to Douglas Belger in one or more of the following particulars, to wit:

   a. in manufacturing the Subject Heater in such a way that it was unfit and unsafe for its foreseeable use;

   b. in placing into the stream of commerce the Subject Heater when the Defendant knew, or should have known, it was unreasonably dangerous and unsafe for foreseeable use;

   c. in placing into the stream of commerce a product, namely the Subject Heater, that was defective in design in that it lacks an adequate guard and/or other safety component sufficient to ensure that individuals coming in close proximity of the heater would not be subjected to temperatures capable of instantaneously igniting clothing, a technologically and economically feasible device that would have prevented the ignition in the present case;

   d. in failing to implement safer, technologically feasible, and economically practical design alternatives or process for the Subject Heater;

   e. in placing into the stream of commerce a product, namely the Subject Heater, that was defective in that it failed to contain adequate warnings and/or instructions;

   f. in failing to adequately instruct and/or adequately warn users of the risks involved in using the Subject Heater;

   g. in failing to exercise that degree of due care which a reasonably prudent designer, manufacturer, distributor and seller would have exercised under the same or similar circumstances; and

   h. in being otherwise negligent, grossly negligent, reckless, willful, and wanton as will be revealed through discovery.

All of the above combined and concurred as a direct and proximate cause of the injuries and damages sustained by Douglas Belger herein, said acts and/or omissions being in violation of the common law of the State of South Carolina and the dictates of ordinary prudence.

33. The aforesaid negligent, grossly negligent, willful, wanton, reckless, and unlawful acts and/or omissions of the Defendant were the direct and sole proximate cause of the Douglas

Belger's injuries and the damages that Plaintiff is entitled to recover under the wrongful death and survival statutes as well as punitive damages.

## COUNT 3 BREACH OF IMPLIED WARRANTY

34. Plaintiff re-alleges and incorporates into this count each and every preceding allegation as if fully pled herein.

35. Defendant, by and through the sale of its portable heaters, including the Subject Heater, impliedly warranted to the consumer and/or foreseeable users, such as Douglas Belger, that the heater was fit for its ordinary purposes for which such goods are uses including foreseeable uses.

36. Douglas Belger made ordinary use of the Subject Heater and contrary to implied warranty, the Subject Heater was defective and unfit for its ordinary and foreseeable purposes, rendering it unreasonably dangerous.

37. As a direct and proximate result of Defendant breaching said implied warranty, Douglas Belger suffered severe burn injuries, died, and Mr. Belger as well as the statutory beneficiaries of his Estate incurred the damages set forth herein, for which the Defendant is liable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. for actual damages according to proof;

b. for compensatory damages as permitted by law;

c. for punitive damages as determined by the facts;

d. for all costs of the court;

e. for prejudgment interest; and

f. for such other relief as is just and proper,

Respectfully submitted, this 20th day of July, 2023.

          **RICHARDSON THOMAS, LLC**

          By: <u>s/Chris Moore</u>
          Chris Moore (#10445)
          E-Mail:  chris@richardsonthomas.com
          383 W. Cheves Street
          Florence, South Carolina 29501
          T: 803.300.1517

          Brady R. Thomas (#9623)
          E-Mail: brady@richardsonthomas.com
          1513 Hampton Street
          Columbia, SC 29201
          Telephone No.: (803) 479-1389

          **EADON LAW, L.L.C.**

          S. Hampton Eadon, III (#1099)
          Email: hampton@eadonlaw.com
          1421 Bull Street
          Columbia, SC 29201
          Telephone No. (803) 760-7444

          **LAW OFFICE OF BRENDAN J. GREEN, LLC**

          Brendan J. Green (#104648)
          brendan@brendangreenlaw.com
          Post Office Box 6624
          Columbia, SC 29260
          Telephone No. (803) 297-3080

          ***ATTORNEYS FOR THE PLAINTIFF***